**E-FILED on** 2/8/10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID L. W. HILL, | No. C-05-04872 RMW |
| Petitioner, | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| THOMAS L. CAREY, | **[Re Docket No. 1]** |
| Respondent | |

David L. W. Hill ("Hill") petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts that his Sixth Amendment right to a jury trial was violated by the imposition of an upper term sentence in his robbery conviction without a finding of aggravating circumstances by a jury. After reviewing the papers, the court finds that petitioner is not entitled to habeas corpus relief. For the reasons stated below, the petition for writ of habeas corpus is denied.

**I. BACKGROUND**

**A.     Factual Background**

On January 16, 2002, Hill and his wife robbed two individuals, J.Y. and C.C., at gunpoint. *People v. Hill*, 119 Cal. App. 4th 85, 87 (2004). During the robbery, Hill pointed a gun at J.Y.'s forehead and threatened to kill him. *Id.* Hill also placed the gun against C.C.'s chest. *Id*. After

taking J.Y. and C.C.'s wallets, Hill and his wife fled with approximately $260. *Id.* J.Y. then contacted the police, who arrested Hill and his wife. *Id.* Inside the getaway car, the police found a loaded gun and $227. *Id.* at 88. J.Y. and C.C. identified Hill and his wife shortly after the robbery and at the preliminary hearing months later. *Id.*

### B. California's Determinate Sentencing Laws (DSL)

Under California's Determinate Sentencing Law ("DSL"), a judge must sentence a defendant to either a lower, middle, or upper term of imprisonment after a conviction. Cal. Penal Code § 1170(b) (2007). Sentencing judges must impose the middle term unless they find the existence of circumstances that aggravate or mitigate the crime. *Id.* Judges may determine the existence of such circumstances by examining the trial record, the probation officer's report, statements regarding aggravation or mitigation submitted by the parties or by the victim or victim's family, and other evidence introduced at the sentencing hearing. *Id.* A fact that is an element of the underlying offense or an element of a statutory enhancement may not be used as an aggravating factor to impose the upper term. *Id.*; Cal. Rule of Court 4.420(d).

### C. Procedural History

The Marin County District Attorney charged Hill with two counts of second degree robbery, with a firearm enhancement for use of a gun during the robbery. Compl. at 1, 2. Hill was also charged with possession of a firearm by a felon. *Id.* at 3. Hill pled guilty to both counts of robbery. Guilty Plea at 13. He admitted to the gun-use enhancement under Cal. Penal Code § 12022.5 for both robberies. *Id.*

On November 22, 2002, Hill was sentenced to 13 years and four months in prison. *Hill*, 119 Cal. App. 4th at 88. For the first count of robbery, which was designated as the principal offense, he was sentenced to a total of nine years: five years (the upper term) for the robbery conviction with an additional four years (the middle term) for the gun-use enhancement. *Id.* For the second count of robbery, which was designated as the subordinate offense, he was sentenced to a total of four years and four months: one year (one-third the middle term of three years) for the robbery conviction and an additional three years four months (one-third of the upper term of ten years) for the related gun-use enhancement. *Id.* The trial judge considered three aggravating factors mentioned in the

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL                       2

probation report in the sentencing: (1) "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism"; (2) "[t]he defendant was on probation or parole when the crime was committed"; and (3) "[t]he defendant has engaged in violent conduct which indicates a serious danger to society." Court Transcript ("CT") at 244.

Hill appealed from the trial court judgment, contending that the trial court exceeded its authority by using the upper term to calculate his sentence for the gun-use enhancement on the second count of robbery. *Hill*, 119 Cal. App. 4th at 88. On May 28, 2004, the California Court of Appeal affirmed the trial court's judgment. *Id*. at 92. Hill then filed a petition for review with the California Supreme Court, which was denied on September 1, 2004. Petition for Writ of Habeas Corpus ("Petition") at 2. Hill filed the present habeas petition on November 29, 2005.

## II. ANALYSIS

### A. Legal Standard

A court may grant a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). The court may grant the writ only if the state court's ruling "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

For a state court's decision to be contrary to clearly established federal law, it must apply a rule that contradicts the governing law set forth in Supreme Court cases, or confront a set of facts that are materially indistinguishable from a Court decision and nevertheless arrive at a different result from Court precedent. *Early v. Packer*, 537 U.S. 3, 8 (2002). A state court decision is an unreasonable application of clearly established federal law "if the state court identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). The court cannot grant a habeas petition as being an "unreasonable application" of federal law merely because, in its opinion, the law was incorrectly applied in a case. *Bell v. Cone*, 535 U.S. 685, 698-99 (2002). Rather, the state court's

application of federal law must be "objectively unreasonable" in order to justify granting the petition. *Id.* The review of state court decisions is highly deferential, and state court decisions should be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

**B.     Petitioner's Claims**

Petitioner asserts that his Sixth Amendment right to a jury trial was violated by: (1) the imposition of the upper term on the first count of robbery and (2) the imposition of a sentence based on the upper term on the gun-use enhancement for the second count of robbery, both without a finding of aggravating circumstances by a jury.

Supreme Court precedent has made it clear that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). The statutory maximum is "the maximum sentence a judge may impose solely on the basis of the facts reflected in the jury verdict or admitted by the defendant." *Blakely v. Washington*, 542 U.S. 296, 303 (2004). Under the DSL, a judge can only impose the upper term sentence if he finds aggravating circumstances by a preponderance of the evidence. Cal. Penal Code § 1170(b). Consequently, the Sixth Amendment forbids imposition of an upper term sentence under the DSL unless aggravating circumstances are admitted by the defendant or proved to a jury beyond a reasonable doubt.

Petitioner argues that the state trial court violated his Sixth Amendment rights by imposing upper term sentences based on aggravating factors that were not admitted by the defendant or proved to a jury beyond a reasonable doubt. In sentencing petitioner, the trial judge relied upon the following three aggravating factors: (1) "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism"; (2) "[t]he defendant was on probation or parole when the crime was committed"; and (3) "[t]he defendant has engaged in violent conduct which indicates a serious danger to society." CT at 244.

Under California law, only a single aggravating factor is required to impose an upper term sentence. *Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008); *People v. Osband*, 13 Cal. 4th 622, 728 (1996). The Sixth Amendment permits judges to exercise discretion in taking into consideration

various factors they deem important so long as the sentence imposed is within the prescribed statutory maximum. *Butler*, 528 F.3d at 643. Accordingly, if at least one of the aggravating factors that the judge relied upon in sentencing petitioner was established in a manner consistent with the Sixth Amendment, petitioner's upper termسentence is not unconstitutional.[1] *Id.*

### 1. Planning, Sophistication, or Professionalism

One of the aggravating factors that was the basis for the upper term sentence was "[t]he manner in which the crime was carried out indicates planning, sophistication, or professionalism." CT at 244. Respondent contends that petitioner admitted that the robbery was planned in his sentencing statement. Petitioner's sentencing statement provides: "[w]hile it is true that some planning preceded the instant robbery, it is also true that, in their desperate quest for funds to provide shelter for themselves and their child, David and Tia Hill contemplated prostitution as a source of income." CT at 202-203. Petitioner argues that this concession does not rise to the level of an admission because the sentencing statement was made by trial counsel and not made personally by petitioner in open court. In addition, petitioner appears to argue that there was no "planning, sophistication, or professionalism" because he and his wife had planned on having his wife perform an act of prostitution to support themselves financially rather than planning a robbery. CT at 203.

As discussed above, there is no Sixth Amendment violation if an upper term sentence is imposed based on aggravating factors admitted by the defendant. The question then is whether the concession in the sentencing statement constitutes an admission by petitioner that he planned the robbery. The Supreme Court's decisions provide limited guidance regarding what constitutes an admission by the defendant such that the Sixth Amendment's jury trial guarantee is no longer implicated. In *Almendarez-Torres v. United States*, 523 U.S. 224, 227 (1998), the defendant admitted to earlier convictions at a hearing before the district court. The Supreme Court held that this admission removed the need to prove the fact of earlier convictions to a jury beyond a

---

[1] While it may not be possible to know what the trial court would have done had it found only one aggravating factor, "the relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler*, 528 F.3d at 648-49. The fact that the trial court might not have imposed an upper term sentence in the absence of additional aggravating factors does not implicate the Sixth Amendment. *Id.*

reasonable doubt. *Apprendi*, 530 U.S. at 488 ("Because Almendarez-Torres had *admitted* the three earlier convictions for aggravated felonies - all of which had been entered pursuant to proceedings with substantial procedural safeguards of their own - [there is] no question concerning the right to a jury trial or the standard of proof that would apply to a contested issue of fact."). Thus, if a defendant concedes a fact during a hearing before the court, this constitutes an admission, disposing of the need for that fact to be proved to a jury beyond a reasonable doubt. However, it is not clear whether other statements, such as statements not made personally by the defendant or in settings other than a hearing before the court, would likewise qualify as an admission.

In *Apprendi*, 530 U.S. at 469, the Supreme Court did not treat the defendant's statement regarding his motive for shooting others as an admission. The defendant stated that he shot the occupants of a house "because they are black in color [so] he does not want them in the neighborhood." *Id.* He made this statement after he had been arrested and was being questioned, and he later retracted the statement. *Id.* Despite the defendant's earlier concession that he had a racial motive for shooting the victims, the Supreme Court held that the racial motive for the shooting (which would allow an enhanced sentence) had to be proved to a jury beyond a reasonable doubt. *Id.* at 490.

In the present case, petitioner's sentencing statement contained the concession that "some planning preceded the instant robbery." CT at 202-203. This concession falls somewhere in between the circumstances presented in *Almendarez-Torres* and those in *Apprendi*. Petitioner has not pointed to any cases showing that it is clearly established federal law that concessions in a sentencing statement do not qualify as admissions of fact.[2] Regardless of this court's view of the issue, "[a] federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme] Court is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003). Since no Supreme Court precedent has created clearly established federal law regarding whether facts conceded in a sentencing statement qualify as admissions, the state court's decision cannot be contrary to, or an unreasonable application of, clearly established federal

---

[2] Though admissions made at sentencing are not considered in harmless error analysis, *Butler*, 528 F.3d at 651, when an aggravating factor is admitted by the defendant, there is no *Apprendi* error in the first place, *Blakely*, 542 U.S. at 303.

law. *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). Therefore, the state court's decision to rely upon this aggravating factor does not provide a basis for granting a petition for writ of habeas corpus.

### 2. Probationary Status

Another aggravating factor that was the basis for the upper term sentence is that petitioner was on probation when he committed the instant offense. CT at 244. Petitioner admitted to this fact in his sentencing statement. CT at 203. Petitioner does not dispute that he was indeed on probation during the offense. Nonetheless, petitioner argues that the court erred in relying upon this aggravating factor because it had not been proved to a jury beyond a reasonable doubt and, according to petitioner, the concession in the sentencing statement does not constitute an admission.

In light of the fact that petitioner's probationary status at the time of the offense was admitted in his sentencing statement and that petitioner does not dispute the veracity of this aggravating factor, it is difficult to see how having this fact determined by a jury, rather than by the judge, and under a different standard of proof would make any difference in this case. Moreover, as discussed above, it would not be contrary to, or an unreasonable application of, clearly established federal law to rely upon petitioner's admission of his probationary status in the sentencing statement.

### 3. Danger to Society

The third aggravating factor cited as a basis for the upper term sentence was "[t]he defendant has engaged in violent conduct which indicates a serious danger to society." CT at 244. In his sentencing statement, petitioner admitted that he "was the active participant" in the robbery and was "the person who used the firearm." CT at 204. Respondent contends that these statements are sufficient to find that petitioner admitted to engaging in violent conduct indicating a serious danger to society. Petitioner argues that the court erred in relying upon this aggravating factor because the concession in the sentencing statement did not constitute an admission, and this factor had not been proved to a jury beyond a reasonable doubt.

Petitioner's concessions in the sentencing statement only establish that petitioner was the active participant and the person who used the firearm. These facts alone are insufficient to find an aggravating circumstance of violent conduct and serious danger to society. A fact that is an element

of a statutory enhancement may not be used as an aggravating factor. Cal. Penal Code § 1170 (b). Petitioner has pled guilty to use of a gun during robbery, which carries with it a gun use enhancement. Guilty Plea at 13; Cal. Penal Code § 12022.5. Since personal use of a gun during the robbery is already an element of the statutory gun use enhancement, petitioner's admission that he used a firearm does not provide a basis for imposing an upper term sentence. Therefore, the state court's reliance on this aggravating factor was contrary to clearly established federal law, which required either an admission by petitioner or proof to a jury beyond a reasonable doubt.

Nonetheless, because both the planning factor and the probationary status factor are sufficient standing alone to justify an upper term sentence, petitioner's upper term sentence is not unconstitutional. *Butler*, 528 F.3d at 643.

### III. CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. § 2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a COA is denied.

### IV. ORDER

For the foregoing reasons, the petition for writ of habeas corpus is denied and a certificate of appealability will not be issued.

DATED: 2/8/10

*Ronald M Whyte*
RONALD M. WHYTE
United States District Judge

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL  8

**Notice of this document has been electronically sent to:**

**Counsel for Petitioner:**

Kathleen Woods Novoa   kwnovoa@mac.com

**Counsel for Respondent:**

Ross Charles Moody   ross.moody@doj.ca.gov

Counsel are responsible for distributing copies of this document to co-counsel that have not registered for e-filing under the court's CM/ECF program.

**Dated:** 2/8/10     CCL
**Chambers of Judge Whyte**