**E-FILED on** ___2/8/10_____

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DAVID L. W. HILL, | No. C-05-04872 RMW |
| Petitioner, | |
| | ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | |
| THOMAS L. CAREY, | **[Re Docket No. 1]** |
| Respondent | |

David L. W. Hill ("Hill") petitions for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts that his Sixth Amendment right to a jury trial was violated by the imposition of an upper term sentence in his robbery conviction without a finding of aggravating circumstances by a jury. After reviewing the papers, the court finds that petitioner is not entitled to habeas corpus relief. For the reasons stated below, the petition for writ of habeas corpus is denied.

## I. BACKGROUND

### A.      Factual Background

On January 16, 2002, Hill and his wife robbed two individuals, J.Y. and C.C., at gunpoint. *People v. Hill*, 119 Cal. App. 4th 85, 87 (2004). During the robbery, Hill pointed a gun at J.Y.'s forehead and threatened to kill him. *Id.* Hill also placed the gun against C.C.'s chest. *Id.* After

United States District Court

For the Northern District of California

taking J.Y. and C.C.'s wallets, Hill and his wife fled with approximately $260. *Id.* J.Y. then

contacted the police, who arrested Hill and his wife. *Id.* Inside the getaway car, the police found a

loaded gun and $227. *Id.* at 88. J.Y. and C.C. identified Hill and his wife shortly after the robbery

and at the preliminary hearing months later. *Id.*

**B.    California's Determinate Sentencing Laws (DSL)**

Under California's Determinate Sentencing Law ("DSL"), a judge must sentence a defendant

to either a lower, middle, or upper term of imprisonment after a conviction. Cal. Penal Code §

1170(b) (2007). Sentencing judges must impose the middle term unless they find the existence of

circumstances that aggravate or mitigate the crime. *Id.* Judges may determine the existence of such

circumstances by examining the trial record, the probation officer's report, statements regarding

aggravation or mitigation submitted by the parties or by the victim or victim's family, and other

evidence introduced at the sentencing hearing. *Id.* A fact that is an element of the underlying

offense or an element of a statutory enhancement may not be used as an aggravating factor to impose

the upper term. *Id.*; Cal. Rule of Court 4.420(d).

**C.    Procedural History**

The Marin County District Attorney charged Hill with two counts of second degree robbery,

with a firearm enhancement for use of a gun during the robbery. Compl. at 1, 2. Hill was also

charged with possession of a firearm by a felon. *Id.* at 3. Hill pled guilty to both counts of robbery.

Guilty Plea at 13. He admitted to the gun-use enhancement under Cal. Penal Code § 12022.5 for

both robberies. *Id.*

On November 22, 2002, Hill was sentenced to 13 years and four months in prison. *Hill*, 119

Cal. App. 4th at 88. For the first count of robbery, which was designated as the principal offense, he

was sentenced to a total of nine years: five years (the upper term) for the robbery conviction with an

additional four years (the middle term) for the gun-use enhancement. *Id.* For the second count of

robbery, which was designated as the subordinate offense, he was sentenced to a total of four years

and four months: one year (one-third the middle term of three years) for the robbery conviction and

an additional three years four months (one-third of the upper term of ten years) for the related gun-

use enhancement. *Id.* The trial judge considered three aggravating factors mentioned in the

1  probation report in the sentencing: (1) "[t]he manner in which the crime was carried out indicates

2  planning, sophistication, or professionalism"; (2) "[t]he defendant was on probation or parole when

3  the crime was committed"; and (3) "[t]he defendant has engaged in violent conduct which indicates a

4  serious danger to society."  Court Transcript ("CT") at 244.

5        Hill appealed from the trial court judgment, contending that the trial court exceeded its

6  authority by using the upper term to calculate his sentence for the gun-use enhancement on the

7  second count of robbery.  *Hill*, 119 Cal. App. 4th at 88.  On May 28, 2004, the California Court of

8  Appeal affirmed the trial court's judgment.  *Id*. at 92.  Hill then filed a petition for review with the

9  California Supreme Court, which was denied on September 1, 2004.  Petition for Writ of Habeas

10  Corpus ("Petition") at 2.  Hill filed the present habeas petition on November 29, 2005.

## II.  ANALYSIS

### A.  Legal Standard

13        A court may grant a petition for writ of habeas corpus "in behalf of a person in custody

14  pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

15  Constitution or laws and treaties of the United States."  28 U.S.C. § 2254(a).  The court may grant

16  the writ only if the state court's ruling "resulted in a decision that was contrary to, or involved an

17  unreasonable application of, clearly established Federal law, as determined by the Supreme Court of

18  the United States" or was "based on an unreasonable determination of the facts in light of the

19  evidence presented in the State court proceeding."  28 U.S.C. § 2254(d).

20        For a state court's decision to be contrary to clearly established federal law, it must apply a

21  rule that contradicts the governing law set forth in Supreme Court cases, or confront a set of facts

22  that are materially indistinguishable from a Court decision and nevertheless arrive at a different

23  result from Court precedent.  *Early v. Packer*, 537 U.S. 3, 8 (2002).  A state court decision is an

24  unreasonable application of clearly established federal law "if the state court identifies the correct

25  governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's

26  case."  *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003).  The court cannot grant a habeas petition as

27  being an "unreasonable application" of federal law merely because, in its opinion, the law was

28  incorrectly applied in a case.  *Bell v. Cone*, 535 U.S. 685, 698-99 (2002).  Rather, the state court's

1    application of federal law must be "objectively unreasonable" in order to justify granting the

2    petition.  *Id.*  The review of state court decisions is highly deferential, and state court decisions

3    should be given the benefit of the doubt.  *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

**B.     Petitioner's Claims**

5        Petitioner asserts that his Sixth Amendment right to a jury trial was violated by: (1) the

6    imposition of the upper term on the first count of robbery and (2) the imposition of a sentence based

7    on the upper term on the gun-use enhancement for the second count of robbery, both without a

8    finding of aggravating circumstances by a jury.

9        Supreme Court precedent has made it clear that "[o]ther than the fact of a prior conviction,

10   any fact that increases the penalty for a crime beyond the statutory maximum must be submitted to a

11   jury, and proved beyond a reasonable doubt."  *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000).

12   The statutory maximum is "the maximum sentence a judge may impose solely on the basis of the

13   facts reflected in the jury verdict or admitted by the defendant."  *Blakely v. Washington*, 542 U.S.

14   296, 303 (2004).  Under the DSL, a judge can only impose the upper term sentence if he finds

15   aggravating circumstances by a preponderance of the evidence.  Cal. Penal Code § 1170(b).

16   Consequently, the Sixth Amendment forbids imposition of an upper term sentence under the DSL

17   unless aggravating circumstances are admitted by the defendant or proved to a jury beyond a

18   reasonable doubt.

19       Petitioner argues that the state trial court violated his Sixth Amendment rights by imposing

20   upper term sentences based on aggravating factors that were not admitted by the defendant or proved

21   to a jury beyond a reasonable doubt.  In sentencing petitioner, the trial judge relied upon the

22   following three aggravating factors: (1) "[t]he manner in which the crime was carried out indicates

23   planning, sophistication, or professionalism"; (2) "[t]he defendant was on probation or parole when

24   the crime was committed"; and (3) "[t]he defendant has engaged in violent conduct which indicates a

25   serious danger to society." CT at 244.

26       Under California law, only a single aggravating factor is required to impose an upper term

27   sentence.  *Butler v. Curry*, 528 F.3d 624, 641 (9th Cir. 2008); *People v. Osband*, 13 Cal. 4th 622,

28   728 (1996).  The Sixth Amendment permits judges to exercise discretion in taking into consideration

United States District Court
For the Northern District of California

1    various factors they deem important so long as the sentence imposed is within the prescribed

2    statutory maximum. *Butler*, 528 F.3d at 643. Accordingly, if at least one of the aggravating factors

3    that the judge relied upon in sentencing petitioner was established in a manner consistent with the

4    Sixth Amendment, petitioner's upper term sentence is not unconstitutional.[1] *Id.*

### 1.   Planning, Sophistication, or Professionalism

6         One of the aggravating factors that was the basis for the upper term sentence was "[t]he

7    manner in which the crime was carried out indicates planning, sophistication, or professionalism."

8    CT at 244. Respondent contends that petitioner admitted that the robbery was planned in his

9    sentencing statement. Petitioner's sentencing statement provides: "[w]hile it is true that some

10   planning preceded the instant robbery, it is also true that, in their desperate quest for funds to

11   provide shelter for themselves and their child, David and Tia Hill contemplated prostitution as a

12   source of income." CT at 202-203. Petitioner argues that this concession does not rise to the level

13   of an admission because the sentencing statement was made by trial counsel and not made

14   personally by petitioner in open court. In addition, petitioner appears to argue that there was no

15   "planning, sophistication, or professionalism" because he and his wife had planned on having his

16   wife perform an act of prostitution to support themselves financially rather than planning a robbery.

17   CT at 203.

18        As discussed above, there is no Sixth Amendment violation if an upper term sentence is

19   imposed based on aggravating factors admitted by the defendant. The question then is whether the

20   concession in the sentencing statement constitutes an admission by petitioner that he planned the

21   robbery. The Supreme Court's decisions provide limited guidance regarding what constitutes an

22   admission by the defendant such that the Sixth Amendment's jury trial guarantee is no longer

23   implicated. In *Almendarez-Torres v. United States*, 523 U.S. 224, 227 (1998), the defendant

24   admitted to earlier convictions at a hearing before the district court. The Supreme Court held that

25   this admission removed the need to prove the fact of earlier convictions to a jury beyond a

---

27   [1]  While it may not be possible to know what the trial court would have done had it found only one

28   aggravating factor, "the relevant question is not what the trial court *would* have done, but what it legally *could* have done." *Butler*, 528 F.3d at 648-49. The fact that the trial court might not have imposed an upper term sentence in the absence of additional aggravating factors does not implicate the Sixth Amendment. *Id.*

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL                                                                              5

United States District Court
For the Northern District of California

1   reasonable doubt.  *Apprendi*, 530 U.S. at 488 ("Because Almendarez-Torres had *admitted* the three

2   earlier convictions for aggravated felonies - all of which had been entered pursuant to proceedings

3   with substantial procedural safeguards of their own - [there is] no question concerning the right to a

4   jury trial or the standard of proof that would apply to a contested issue of fact.").  Thus, if a

5   defendant concedes a fact during a hearing before the court, this constitutes an admission, disposing

6   of the need for that fact to be proved to a jury beyond a reasonable doubt.  However, it is not clear

7   whether other statements, such as statements not made personally by the defendant or in settings

8   other than a hearing before the court, would likewise qualify as an admission.

9       In *Apprendi*, 530 U.S. at 469, the Supreme Court did not treat the defendant's statement

10  regarding his motive for shooting others as an admission.  The defendant stated that he shot the

11  occupants of a house "because they are black in color [so] he does not want them in the

12  neighborhood."  *Id.*  He made this statement after he had been arrested and was being questioned,

13  and he later retracted the statement.  *Id.*  Despite the defendant's earlier concession that he had a

14  racial motive for shooting the victims, the Supreme Court held that the racial motive for the shooting

15  (which would allow an enhanced sentence) had to be proved to a jury beyond a reasonable doubt.

16  *Id.* at 490.

17      In the present case, petitioner's sentencing statement contained the concession that "some

18  planning preceded the instant robbery."  CT at 202-203.  This concession falls somewhere in

19  between the circumstances presented in *Almendarez-Torres* and those in *Apprendi*.  Petitioner has

20  not pointed to any cases showing that it is clearly established federal law that concessions in a

21  sentencing statement do not qualify as admissions of fact.[2]  Regardless of this court's view of the

22  issue, "[a] federal court may not overrule a state court for simply holding a view different from its

23  own, when the precedent from [the Supreme] Court is, at best, ambiguous."  *Mitchell v. Esparza*,

24  540 U.S. 12, 17 (2003).  Since no Supreme Court precedent has created clearly established federal

25  law regarding whether facts conceded in a sentencing statement qualify as admissions, the state

26  court's decision cannot be contrary to, or an unreasonable application of, clearly established federal

---

[2]  Though admissions made at sentencing are not considered in harmless error analysis, *Butler*, 528
F.3d at 651, when an aggravating factor is admitted by the defendant, there is no *Apprendi* error in
the first place, *Blakely*, 542 U.S. at 303.

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL                                                              6

**United States District Court**
For the Northern District of California

1   law. *Brewer v. Hall*, 378 F.3d 952, 955 (9th Cir. 2004). Therefore, the state court's decision to rely

2   upon this aggravating factor does not provide a basis for granting a petition for writ of habeas

3   corpus.

### 2.       Probationary Status

5          Another aggravating factor that was the basis for the upper term sentence is that petitioner

6   was on probation when he committed the instant offense. CT at 244. Petitioner admitted to this fact

7   in his sentencing statement. CT at 203. Petitioner does not dispute that he was indeed on probation

8   during the offense. Nonetheless, petitioner argues that the court erred in relying upon this

9   aggravating factor because it had not been proved to a jury beyond a reasonable doubt and,

10  according to petitioner, the concession in the sentencing statement does not constitute an admission.

11         In light of the fact that petitioner's probationary status at the time of the offense was admitted

12  in his sentencing statement and that petitioner does not dispute the veracity of this aggravating

13  factor, it is difficult to see how having this fact determined by a jury, rather than by the judge, and

14  under a different standard of proof would make any difference in this case. Moreover, as discussed

15  above, it would not be contrary to, or an unreasonable application of, clearly established federal law

16  to rely upon petitioner's admission of his probationary status in the sentencing statement.

### 3.       Danger to Society

18         The third aggravating factor cited as a basis for the upper term sentence was "[t]he defendant

19  has engaged in violent conduct which indicates a serious danger to society." CT at 244. In his

20  sentencing statement, petitioner admitted that he "was the active participant" in the robbery and was

21  "the person who used the firearm." CT at 204. Respondent contends that these statements are

22  sufficient to find that petitioner admitted to engaging in violent conduct indicating a serious danger

23  to society. Petitioner argues that the court erred in relying upon this aggravating factor because the

24  concession in the sentencing statement did not constitute an admission, and this factor had not been

25  proved to a jury beyond a reasonable doubt.

26         Petitioner's concessions in the sentencing statement only establish that petitioner was the

27  active participant and the person who used the firearm. These facts alone are insufficient to find an

28  aggravating circumstance of violent conduct and serious danger to society. A fact that is an element

1   of a statutory enhancement may not be used as an aggravating factor. Cal. Penal Code § 1170 (b).

2   Petitioner has pled guilty to use of a gun during robbery, which carries with it a gun use

3   enhancement. Guilty Plea at 13; Cal. Penal Code § 12022.5. Since personal use of a gun during the

4   robbery is already an element of the statutory gun use enhancement, petitioner's admission that he

5   used a firearm does not provide a basis for imposing an upper term sentence. Therefore, the state

6   court's reliance on this aggravating factor was contrary to clearly established federal law, which

7   required either an admission by petitioner or proof to a jury beyond a reasonable doubt.

8           Nonetheless, because both the planning factor and the probationary status factor are

9   sufficient standing alone to justify an upper term sentence, petitioner's upper term sentence is not

10  unconstitutional. *Butler*, 528 F.3d at 643.

11                          **III.   CERTIFICATE OF APPEALABILITY**

12          The federal rules governing habeas cases brought by state prisoners have recently been

13  amended to require a district court that denies a habeas petition to grant or deny a certificate of

14  appealability ("COA") in its ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. §

15  2254 (effective December 1, 2009). For the reasons set out in the discussion above, petitioner has

16  not shown "that jurists of reason would find it debatable whether the petition states a valid claim of

17  the denial of a constitutional right [or] that jurists of reason would find it debatable whether the

18  district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

19  Accordingly, a COA is denied.

20                                  **IV. ORDER**

21          For the foregoing reasons, the petition for writ of habeas corpus is denied and a certificate of

22  appealability will not be issued.

23

24

25  DATED:        2/8/10

26                                                  *Ronald M Whyte*
                                                    RONALD M. WHYTE
27                                                  United States District Judge

28

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL                                                 8

**United States District Court**
For the Northern District of California

1  **Notice of this document has been electronically sent to:**

2  **Counsel for Petitioner:**

3  Kathleen Woods Novoa          kwnovoa@mac.com

4
5  **Counsel for Respondent:**

6  Ross Charles Moody          ross.moody@doj.ca.gov

7

8

9  Counsel are responsible for distributing copies of this document to co-counsel that have not
10 registered for e-filing under the court's CM/ECF program.

11

12 **Dated:**       2/8/10                                    CCL
13                                          **Chambers of Judge Whyte**

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS—No. C-05-4872 RMW
CCL                                                    9